UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ANTHONY R. PATTERSON, | ) |
| Plaintiff, | ) |
| | ) No. **3 08 0739** |
| v. | ) (No. 3:08mc0084) |
| | ) Judge Echols |
| BOB BARKER, ET AL., | ) |
| Defendants. | ) |

## MEMORANDUM

The plaintiff, proceeding *pro se* and *in forma pauperis*, is a prisoner in the Charles Bass Correctional Complex in Nashville. He brings this action under 42 U.S.C. § 1983 against Bob Barker, Sheriff of Sumner County, and four other defendants. The plaintiff seeks injunctive relief only, alleging that the defendants violated his rights under the Eighth Amendment.

The alleged events that gave rise to the plaintiff's complaint <u>all</u> occurred while he was an inmate in the Sumner County Jail. The plaintiff's demands for relief are phrased as follows: "that justice be upheld," "Grant relief from judgment,"[1] "Investigate all defendants named," "Investigation of the Sumner County Jail," Appropriate dismissal of all staff [i]nvolved in unjust acts against inmates," "Relief from judgment," "Full investigation of all defendants," "Full investigation of the Sumner County Detention Center," and that "Justice be brought to all defendants." (Docket Entry No. 1, p. 5 of 5 & ¶ V)

A prisoner's transfer from the facility against which he seeks injunctive relief moots his request for such relief. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996). Because the plaitniff

---

[1] The judgment from which the plaintiff seeks relief pertains to a pervious action that he brought, *Patterson v. Barker*, No. 3:06-01098 (M.D. Tenn. Nov. 13, 2006)(Trauger, J.) Although the plaintiff describes this earlier action as "still pending in the US District Court," the action was dismissed on November 13, 2006, following which the Sixth Circuit dismissed his appeal on February 19, 2008, at the same time denying his request to remand the case to the district court.

seeks only injunctive relief, and because his transfer from the Sumner County Jail renders all of his claims moot, the plaintiff's complaint will be dismissed for failure to state a claim on which relief may be granted.

An appropriate Order will be entered.

Robert L. Echols
United States District Judge

2