UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ANTHONY R. PATTERSON, ) | |
| ) | |
| Plaintiff, ) | No. **3 08 0739** |
| ) | (No. 3:08mc0084) |
| v., ) | Judge Echols |
| ) | |
| BOB BARKER, ET AL., ) | |
| ) | |
| Defendants. ) | |

## ORDER

The Court has before it a *pro se* prisoner complaint brought under 42 U.S.C. § 1983. The plaintiff also has submitted an application to proceed *in forma pauperis*.

The plaintiff is a prisoner in the Charles Bass Correctional Complex (Charles Bass) in Nashville.[1] It appears from his application that he lacks sufficient financial resources to pay the filing fee. Therefore, pursuant to 28 U.S.C. § 1915(b)(4), the Clerk will **FILE** the complaint *in forma pauperis*. 28 U.S.C § 1915(a)

The plaintiff is herewith assessed the civil filing fee of three hundred fifty dollars ($350.00) Pursuant to 28 U.S.C. §§ 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust fund account at the institution where he now resides is directed to submit to the Clerk of Court, as an initial payment, whichever is the greater of:

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust fund account; **or**

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust fund account for the prior six (6) months.

---

[1] Although the complaint shows that the plaintiff is incarcerated in the Northwest Correctional Complex in Tiptonville, the plaintiff has advised the court of an impending transfer to Charles Bass. (Docket Entry No. 3) The Court has determined by independent means that the plaintiff is now incarcerated in Charles Bass

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income, or income credited to the plaintiff's inmate trust fund account for the preceding month, but only when his monthly income exceeds ten dollars ($10.00). Payments shall continue until the $350.00 filing fee has been paid in full to the Clerk of Court as prescribed by 28 U.S.C. § 1914(a). 28 U.S.C. § 1915(b)(2).

As provided in the Memorandum entered contemporaneously herewith, the plaintiff's complaint is **DISMISSED** for failure to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii); 1915A(b)(1). Because an appeal from the judgment rendered herein would **NOT** be taken in good faith, the plaintiff is **NOT** certified to pursue an appeal from this judgment *in forma pauperis*. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 444-46 (1962). Nevertheless, should the plaintiff decide to file a notice of appeal, he either must pay the Clerk of Court the full appellate filing fee of four hundred fifty-five dollars ($455.00), or submit a new application to proceed *in forma pauperis* with a certified copy of his inmate trust account statement for the six (6) month period preceding the filing of his notice of appeal. 28 U.S.C. §§ 1915(a)(1) and (a)(2); *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997).

The Clerk is **DIRECTED** to send a copy of this Order to the Warden at Charles Bass to ensure that the custodian of the plaintiff's inmate trust fund account complies with the portion of the Prison Litigation Reform Act that pertains to the payment of filing fees. The Clerk is further **DIRECTED** to change the plaintiff's address on the docket to reflect his transfer to Charles Bass.

It is so **ORDERED**.

Robert L. Echols
United States District Judge

2